UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMARAL MONTROND, <br><br> Plaintiff, <br><br> v. <br><br> LUIS SPENCER, et al., <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * Civil Action No. 17-cv-10505-ADB <br> * <br> * <br> * <br> * <br> * |

**<u>ORDER</u>**

BURROUGHS, D.J.

The Department of Corrections Defendants ("DOC Defendants") moved to compel Plaintiff Amaral Montrond's ("Plaintiff") responses to their interrogatory requests, or, in the alternative, to strike those responses as untimely and dismiss the case. [ECF Nos. 246, 247]. For the reasons set forth below, the motion to compel is <u>GRANTED</u>, and the motion to strike is <u>DENIED</u>.

**I.    BACKGROUND**

On June 29, 2021, DOC Defendants mailed Plaintiff their First Set of Interrogatories. [ECF No. 247-1 (copy of interrogatory requests)]. Plaintiff moved to extend his deadline to respond to the interrogatories three times, [ECF Nos. 231, 239, 244], and the Court granted those requests, [ECF Nos. 234, 235, 240, 245]. After his most recent request for a twenty-day extension was granted, the Court advised Plaintiff on January 6, 2022 that there will be "[n]o further extensions." [ECF No. 245].

Pursuant to the Court's January 6, 2022 Order, Plaintiff's deadline to respond to the interrogatories was January 18, 2022. <u>See</u> [ECF No. 245]. DOC Defendants did not receive

Plaintiff's responses to their interrogatories until January 28, 2022, though they were signed and dated as of January 25, 2022. [ECF No. 247-2; ECF No. 247 at 2].

II.  DISCUSSION

    A.  **Motion to Strike or Dismiss**

Pursuant to the Court's January 6, 2022 Order and Federal Rule of Civil Procedure 41(b), DOC Defendants moved to strike Plaintiff's interrogatory responses and to ultimately dismiss this action for failure to comply with a Court deadline. [ECF No. 247 at 2].

Although the Court agrees that its deadlines "are obligations not suggestions," Robinson v. Orellana-Rosado, No. 20-cv-1550, 2021 WL 5570333, at *1 (D.P.R. May 11, 2021), it will not strike Plaintiff's responses or dismiss this action because his interrogatory responses were seven days late. Plaintiff is proceeding in this action *pro se*, and even though that does not excuse him from complying with Court orders or the Federal Rules of Civil Procedure, Xiaoyan Tang v. Citizens Bank, N.A., 821 F.3d 206, 220 n.13 (1st Cir. 2016), his relatively short delay in responding does not provide a basis for the sanctions that DOC Defendants seek. That being said, the deadline for Plaintiff's deposition is fast approaching, and as described below, Plaintiff is advised that he must promptly fulfill his discovery obligations and timely comply with all Court orders going forward.[1]

---

[1] The Court notes that it is possible to construe the Court's January 6, 2022 Order, which granted Plaintiff a twenty-day extension, as allowing Plaintiff an additional twenty days from the date of the Order, or until January 26, 2022, to respond. Because the Court ultimately will not strike the Plaintiff's responses even assuming that they are untimely, it is unnecessary to further analyze this possible interpretation.

### B. Motion to Compel

DOC Defendants also moved to compel Plaintiff to respond to three interrogatories and to supplement his vague and incomplete responses to two other interrogatories. [ECF No. 247 at 3–9].

First, Plaintiff has not provided any response to Interrogatories 11, 12, or 13. [ECF No. 247-2 (Plaintiff's response); ECF No. 247 at 3]. Interrogatory 11 seeks information regarding Plaintiff's prior allegations against DOC Defendants. [ECF No. 247-1 at 4]. Interrogatory 12 asks Plaintiff to identify and describe any circumstances outside those alleged in the complaint that may have caused him ongoing mental and/or emotional injuries. [Id.]. Interrogatory 13 requests a list of the names and addresses of the individuals that Plaintiff plans to call as a witness at trial. [Id.].

Under Federal Rule of Civil Procedure 26, the scope of discovery is broad and allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Here, Plaintiff has brought claims against DOC Defendants for damages sustained due to alleged physical assaults and inadequate medical care that he experienced during his incarceration. [ECF No. 230 at 1]. Under the broad language of Rule 26, the information sought by Interrogatories 11, 12, and 13 is relevant to Plaintiff's claims and the damages he seeks (though the Court notes that the relevance of Plaintiff's prior complaints is less compelling). Accordingly, Plaintiff is ORDERED to respond to DOC Defendants' Interrogatories 11, 12, and 13 as soon as possible but no later than February 24, 2022.

Second, although Plaintiff has responded to Interrogatories 2 and 6, DOC Defendants argue that his responses are incomplete, unclear, and/or evasive. [ECF No. 247 at 3–6].

Interrogatory 2 asks Plaintiff to identify and describe "each person known to [him] who has personal knowledge with respect to the facts and issues concerning the claims" at issue in this case. [ECF No. 247-1 at 3]. Plaintiff responded that those with personal knowledge "are and will be all the witnesses [he] intend[s] to call at trial which [he] will identify in interrogatory No. 13." [ECF No. 247-2 at 4]. As noted above, Plaintiff did not respond to Interrogatory 13 and therefore has not provided DOC Defendants with a list of relevant individuals. DOC Defendants assert that they require this information to conduct the necessary investigation and to prepare an adequate defense. The Court agrees that this information is relevant and Plaintiff is <u>ORDERED</u> to supplement his response to Interrogatory 2 by <u>February 24, 2022</u>.

      Interrogatory 6 is a nine-part interrogatory seeking "full and complete" detail about "each physical, mental, emotional, or other injury" that Plaintiff has claimed to have received as a result of the acts alleged in his complaint. [ECF No. 247-1 at 3]. Plaintiff did provide a response to this interrogatory, [ECF No. 247-2 at 7–11], though DOC Defendants' argue it is incomplete and evasive because Plaintiff did not respond to subpart a (requesting "[t]he identity of the individual who caused the injury"), subpart c (requesting "[w]hich claim in the Second Amended Complaint in this matter each injury pertains to"), and subpart f (requesting "[a]ny activities [he has] been unable to perform as a result of such injury"). [ECF No. 247-1 at 3]. After reviewing Plaintiff's response, the Court agrees that Plaintiff has not provided information about the specific claim in the Second Amended Complaint that each injury pertains to or the activities he has been unable to perform due to those injuries. Information about the injuries he sustained is plainly relevant to his case. Therefore, Plaintiff is <u>ORDERED</u> to supplement his response to Interrogatory 6 to provide this information by <u>February 24, 2022</u>. Regarding the identity of the individuals who caused the injury, Plaintiff does identify the groups of individuals who were

involved in the alleged incidents that led to his injuries, e.g., [ECF No. 247-2 at 7 (identifying Letendre, "Gonzalez, Macal, Healey, Fitzpatrick, Ricketts, and Frederick Loughran" for injuries caused by the March 14, 2014 assault), 8 (identifying "Ryan, Merlino, Santos and Bull" for injuries caused by the July 15, 2014 assault)], but he generally has not attributed any specific conduct or injuries to any specific individuals. To the extent Plaintiff is able to further specify the actions and conduct undertaken by each individual that led to his specific injuries, he is ORDERED to supplement his responses by February 24, 2022. If he is unable to further specify, he must make that clear in his response and explain why that information is not available.

### III.   CONCLUSION

Accordingly, the motion, [ECF No. 246], is GRANTED in part and DENIED in part. DOC Defendants' request to strike Plaintiff's responses or dismiss the action is DENIED, but their request to compel Plaintiff's responses is GRANTED. Plaintiff is hereby ORDERED to respond and/or supplement his responses to Interrogatories 2, 6, 11, 12, and 13 by February 24, 2022.

**SO ORDERED.**

February 8, 2022                                                                            /s/ Allison D. Burroughs
                                                                                            ALLISON D. BURROUGHS
                                                                                            U.S. DISTRICT JUDGE